In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00518-CV
_____

IN RE NEWPARK MATS AND INTEGRATED SERVICES, LLC AND
TOM JOINES

_____

Original Proceeding

_____

MEMORANDUM OPINION

Newpark Mats and Integrated Services, LLC and Tom Joines (collectively, Newpark) filed a petition for a writ of mandamus to compel the 60th District Court to transfer venue of the underlying case to Harris County, Texas. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.0642 (West 2002). Newpark contends the trial court abused its discretion by failing to enforce a mandatory venue agreement found in its contract with the plaintiff, Kilgore Construction, LLC, d/b/a Kilgore Industrial. According to Newpark, the venue provision in the parties' agreement is enforceable under the major transaction statute. *See id.* § 15.020 (West Supp.

1

2014) ("In this section, 'major transaction' means a transaction evidenced by a written agreement under which a person pays or receives, or is obligated to pay or entitled to receive, consideration with an aggregate stated value equal to or greater than $1 million.").

The record before the trial court indicates that Kilgore Construction signed an application for extension of credit in favor of Newpark to allow Kilgore to rent equipment, oil field mats. The contract does not expressly state how much credit the parties contemplated that Newpark might extend to Kilgore under the agreement. The parties' contract includes a venue provision, fixing venue for disputes arising out of the agreement in Harris County.

Newpark concedes that Kilgore owed it less than one million dollars when Kilgore filed its suit, but it contends that all of Kilgore's credit transactions with Newpark after the parties entered into contract should be aggregated in calculating the value of the contract. According to Newpark, the parties' dispute qualifies as a major transaction because between September 2012 and September 2013, Kilgore paid Newpark $1,024,204.24, and Kilgore owed Newpark an additional $658,857.54 when Kilgore filed suit. Thus, Newpark contends the aggregate value of the contract is approximately $1,683,000.

In response to the petition, Kilgore contends the business that it did with Newpark under the agreement at issue does not qualify as a "major transaction." According to Kilgore, the credit application that it signed in Newpark's favor does not expressly require Newpark to loan it one million dollars, nor does the agreement contain a provision expressly stating the aggregate value of the credit that Kilgore was entitled to receive. According to Kilgore, the agreement at issue contains no "aggregate stated value;" it concludes that given the Legislature's definition for a "major transaction," its various transactions with Newpark do not qualify under the statute as a "major transaction." *See id.* § 15.020.

After carefully reviewing the petition, the mandamus record, the response, and the reply, we conclude that Newpark has not established the trial court clearly abused its discretion in the manner it applied the definition the Legislature gave the term "major transaction" to Newpark's motion challenging Kilgore's choice of venue. *See In re Fisher*, 433 S.W.3d 523, 530 (Tex. 2014) (utilizing a common sense analysis to determine whether section 15.020 applies); *In re Togs Energy, Inc.*, No. 05-09-01018-CV, 2009 WL 3260910, at *1 (Tex. App.—Dallas Oct. 13, 2009, orig. proceeding) (mem. op.) (providing that the aggregate stated value of the consideration must be stated in the agreement for section 15.020 to apply). Accordingly, we deny the petition for writ of mandamus.

3

PETITION DENIED.

PER CURIAM

Submitted on December 15, 2014
Opinion Delivered January 15, 2015

Before Kreger, Horton, and Johnson, JJ.